# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

BRENDA WILLIAMS,

     Plaintiff,

    v.

KERN SHERIFF DEPARTMENT, et al.,

     Defendant.

Case No. 5:26-cv-02934-MCS-BFM

**ORDER TO SHOW CAUSE RE: DISMISSAL OR TRANSFER VENUE TO EASTERN DISTRICT OF CALIFORNIA**

On May 28, 2026, Plaintiff Brenda Williams filed a civil rights complaint in this District. (ECF 1.) Plaintiff alleges "false arrest" and "detainment of mother and children without legal cause" which caused "deprivation of right" and "ongoing suffering." (ECF 1 at 5.) She names the Kern County Sheriff Department and Kern DHS as Defendants, and alleges that the Defendants violated § 1983. (ECF 1 at 2.) Kern County is in the Eastern District of California, not the Central District, where Plaintiff filed this case. 28 U.S.C. § 84(b).

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Entities are deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction." *Id.* § 1391(c)(2).

Here, the Defendants named in the Complaint are entities in Kern County, and there is no reason to think there is personal jurisdiction over those entities here. From Plaintiff's brief description of her claims, there is also no reason to think that any relevant event happened in this District. Thus, there is no apparent connection between the Central District of California and Plaintiff's claims and no showing that venue lies in this District based on the requirements of 28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1406(a), if venue does not properly lie in this District, then the Court either must dismiss the action, or if it be in the interest of justice, must transfer the action to the proper district. *See Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974). The Court may transfer a case sua sponte, so long as it gives the parties an opportunity to be heard. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

In deciding whether the case should be transferred or dismissed, the Court considers whether Plaintiff has adequately stated a claim. Here, Plaintiff's allegations are wholly conclusory—she does not explain what happened, or when and where it happened, nor does she provide a short and

2

plain statement of why she is entitled to relief. Fed. R. Civ. P. 8(b); *Fiorito v. Anderson*, No. 5:18-cv-00506-JFW-KES, 2018 WL 4657171, at \*6 (C.D. Cal. Sept. 24, 2018) ("Transferring claims that are subject to dismissal under PLRA screening would not be in the interest of justice under § 1406(a).").

The Court therefore notifies Plaintiff that it is considering transferring her case to the United States District Court for the Eastern District of California where venue appears to lie, or dismissing it. **No later than July 7**, **2026**, Plaintiff is therefore **ordered** to show cause—to explain in writing—why this action should not be transferred on the basis of improper venue or dismissed. **Failure to file a timely response to this Order will result in the transfer of this action and/or dismissal for the reasons set forth above**.

DATED: June 4, 2026          _____

                             BRIANNA FULLER MIRCHEFF
                             UNITED STATES MAGISTRATE JUDGE

3